In this case, Your Honor, my client, Carlos Escribano, filed a complaint, which was later amended, alleging violations to the American with Disabilities Act and the Age Discrimination in Employment Act. After the discovery, process, and litigation of the case, a summary judgment was filed, which the plaintiff opposed, a reply brief was filed to the plaintiff's opposition, and a third reply brief was filed. The Honorable District Court then issued an opinion and order, granting the defendant's motion for a summary judgment, striking Exhibit 1 of the opposition to the summary judgment, which was a sworn statement by Mr. Carlos Escribano. And at the time that it dismissed and granted the opinion and order, it was because the employer did not have the minimum required employees, and the court concluded that it only had 13 employees. On the contrary, Escribano alleged that the defendant had 27 employees. Counsel, okay, we're beyond the motion to dismiss. We're at summary judgment. Summary judgment was entered against your client on the basis that he did not have sufficient evidence to establish that the number of employees needed to trigger the statute. That's an issue on appeal, whether the district court was correct in entering summary judgment. As I understand it, also at issue on appeal is economic sanctions of $1,000 to counsel for submitting an affidavit which varied from the testimony given at deposition. Okay, so how many issues do we have on appeal? Those two issues. Those two issues. And the subsidiary issue is whether the court erred in striking the affidavit. Yes, Your Honor. Okay. So identify for us which issue you're going to be arguing. In terms of the issue of the number of employees. Okay. It is our opinion that the court incorrectly weighted the evidence since it gave more credibility to the quarterly. Well, what evidence is there that there were more than enough employees to meet the statutory standard? As I understand it, all it is is your client stated at deposition that he thought certain individuals worked there. Sometimes he gave a date. Sometimes he didn't give a date. He said nothing about the duration of the work. On the other side, they have records that are filed with Puerto Rico that show the number of employees to be less than the statutory required limit. How is your evidence competent to evidence? In this case, Your Honor, Mr. Escribano worked with the employees that were in the list. How is it competent? You could have gone and gotten affidavits from some of those people. You could have conducted discovery on it. You did none of that. And it's only a statement that I believe they were employees. No, Your Honor. In terms of the discovery, pages 84 of the deposition transcript, before the issue of this questioning started, there were several objections related that the plaintiff through discovery requested the payroll records and the payroll list of the defendants in order to corroborate the number of employees that the defendant had during the relevant time period. And the defendant's counsel answer was that those records did not exist. That's at page 84. In terms of payroll records and payroll list, the plaintiff requested the same, but the defendant did not have any prepared note nor any existed for the defendant. Well, eventually they file something with the court that they say established what the payroll records are. So are you saying that what they filed were not payroll records or that they should be sanctioned because they had records which they didn't give you? Well, it is my understanding is that there is precisely a controversy over the number of employees since during the No, no. Answer my question. My answer would be that there is a discrepancy between the number of employees that the defendant reported in the list and the ones that my client You're talking about evidence. Yes, Your Honor. They provide evidence of documents that they say they gave to the state or whatever authorities. The quarterly report wages. Are you denying that those are accurate documents? Yes, Your Honor. And why are you denying? Because they fail to include employees that were present and that worked for the defendant during the time period that those quarterly report wages were prepared. Do you deny that those were filed with the state as documents about the number of employees? No, Your Honor. Those quarterly reports were actually filed before the agency. But our contention is that the number of employees that appear in those quarterly report wages are incorrect since the defendant omitted several names that worked during that relevant time period but that do not appear in the list. And the plaintiff explained the reasons why some of these employees were omitted from the list. For example, in the case of David Ayala Sr., it was because he was under Social Security and that's why they did not report the wages. That was why they did not report Mr. Ayala. Anyone else? I just was trying to count. If you take the 13 that are acknowledged by the other side as being employees and you add Ayala Sr., that's 14. Are there other examples? There are 13 additional more employees which the plaintiff, during the deposition at pages between 85 and 92, at defendant's counsel questions started to describe their position, the time in which they worked, and the type of work that they all did. However, at page 92 of the deposition. Did you cite the deposition as evidence in the district court when this issue was joined in the district court? Yes, Your Honor. The deposition transcript completely was entered as part of the defendant's reply brief. Well, that's not the burden. No, Your Honor. At the summary judgment stage, while in the reply brief, I'm sorry, the plaintiff did state that at those pages, it was plaintiff's own statement and the list that he prepared, such as exhibit eight or nine of the deposition, was supported by the position pages 85 through 92. And that transcript was part of the record, was the complete transcript. Okay. So let's talk about what was described in there. There's a description of 13 employees, a rough estimate of what your client believes was their time of work. But was there any detail about interactions with them on a daily basis, whether they were full or part time, or anything else that the district court could rely on if it had been pointed out to the district court? Your Honor, the list only states the name. It's only a list with 27 names of employees that work with the plaintiff. That document, that list handwritten, prepared by the document, was attached, was discussed in the deposition. I was asking about the deposition testimony in the pages that you're citing, and I'm asking if there was any detail provided beyond the estimate of their duration of employment and family relationship. Yes, Your Honor, because during the deposition, the question asked by defendant counsel, Escribano, responded that they worked with him along in the field, performing different duties with him, following his instructions and described the type of work that these individuals were performing at the time. But it doesn't say anything about when that took place, right? Yes, Your Honor. Defendant counsel questions when, at least for three of them, Escribano stated that they had resigned and left the company a year ago, stating, counting the date of the deposition. So those employees did work during the relevant time period for purpose of the employee counting on their ADA and ADA. We said defendant counsel asked questions related to four or five of them, and after Escribano answered the questions describing the time frame in which they worked, the position that they held, the duties that they performed, defendant counsel changed the subject of questioning and thus stopped asking those questions to Mr. Escribano. Let me see if I understand, because at some point I read those pages in the deposition and I was left wondering about what time periods, whether the people actually worked there and so on. That is, if I had been counsel, the questioning would have gone much further. But you seem to say that, gee, it's the other side's fault, even though you were there and you could have filled in the missing details. So there's some absences from that record, and then we get to summary judgment, and you don't fill in the absences from the record. All you do is repeat, oh, I remember so-and-so worked for, I remember. I have no other evidence. I can't even give you the exact time frame. And this is supposed to be enough to meet your burden of triggering the statute? It is my opinion that it does, Your Honor. Thank you. Okay. Good morning, Your Honor. May it please the Court. Hosenia Domingo on behalf of Apo Lee Professional E-Pass Certificate Corporation. I think I'll pick up exactly the questions that Judge Lynch was asking. It is clear that the law in this circuit and the law everywhere is that a mere denial of a fact doesn't create a genuine issue of fact to oppose summary judgment. So what could Mr. Escribano have done in order to create an issue of fact? As Judge Lynch mentioned, he could have attached additional affidavits, sworn statements by these individuals that he claims that were employees of the corporation. He didn't do that. Are you saying his testimony that XYZ worked during the appropriate period is not enough? That's correct, Your Honor. Why not? It is not correct because in order to create an issue of fact, this Court has specifically stated in several cases that he will have to state specific facts to counter those. The facts are, he says, I saw Mr. Perez, Mr. whatever his name, he worked next to me, this is what he performed. There may be a missing part as to the date, but as to that part, are you willing to admit that's enough? No, Your Honor. The fact that I see somebody who is, if I am at work and I see somebody, the fact that I am seeing that person there, that doesn't make him an employee. Well, he's working next to me doing work similar to mine. That's not enough? It is not enough to establish that he's an employee within the meaning of the relevant statutes. I don't believe it is, Your Honor. Tell me the case that says otherwise. It's conjectural, Your Honor. It's conjectural. It's merely callable. It's all the things that the case law of this circuit specifically states it's not enough to counter summary judgment. He could have obtained sworn statements from this individual. Even the plaintiff's son is one of the persons that he claims was an employee. He was not even to include a sworn statement from his own son in order to prove that in fact some other people worked there. He, in answering to Judge Lynch's question, he doesn't dispute the records that were filed with the Puerto Rico Department of Labor. At no point did he actually try to summon additional records. He could have sent a request for admissions to the defendants, asking them to deny on the road that those records were not correct. He did none of that. All he did is present a blanket denial of a list that is not a visible evidence. Why is that list not visible? If he wrote it from his own knowledge, that's just as good as his testimony. Yes, exactly. So all we have is his testimony, Your Honor. The list is something that he admits. The question is whether that creates a question of fact. Was his testimony enough to create a question of fact? Not according to the law of the First Circuit, Your Honor. If that were the case, Your Honor, everybody would be able to create an issue of fact by merely stating an affidavit that what the defendant is saying, the records that he's presenting, that is not correct. I agree with you. That's our law. But Judge Torreya is suggesting this isn't a mere denial. He is saying, I'm giving you the names of particular people. I know that they work there. It's part of what you need to establish an employment relationship, not complete by any means. And people have been known to employ people and keep them off the record. That type of employment fraud is actually very common. So I think maybe you had a bit more of a burden here. Well, Your Honor. You knew from the deposition that he was asserting that these people were employees. You could have called them. Well, Your Honor, the plaintiff has the burden to establish, first of all, the jurisdiction of the federal court. Since the answer to the amended complaint, the defendant questioned the sufficiency of the required number of employees. That was denied in the amended answer. So since that moment, the plaintiff was put on notice that it was the defendant's position that there was not the required number of employees. It was his burden to establish that during discovery, and he did not, and he could have done it. But we were in a summary judgment stage. What the defendant is saying is that there are no issues of fact. And it seems to me that the question of the – I haven't really completely studied the record as to whether it covers the dates here. But as far as the names and whether they were employers, it seems to me that that is a question of fact that is put in play by the plaintiff's affidavit. Well, Your Honor, I don't believe it is. And when you do review the specific pages, you will see that all you will find are incomplete references to certain employees with no – without giving the fact, giving the judge or giving anybody the possibility of actually determining if, in fact, those people comply with the requirement set out in the federal statute in terms of having worked for the defendant. And it is his burden to establish that, Your Honor. Hypothetically, let's just carry this out. Hypothetically, what's the explanation for that someone who he saw working with him was nonetheless not an employee? Okay. There are several. And I'm taking as a hypothetical. The first one is that it is simply not true. It is not true. Now bypass that. The second one is that maybe I saw somebody there who at some point worked for the company but is not working there anymore. Okay. Somebody who is a part-time worker. Somebody who is a recipient. And therefore doesn't count as an employee for purposes of the act. What happens to part-time workers? They are not counted. And, Your Honor, on page – this is on the appendix – is the list that he provides. It's on page 334 of the appendix. He purports to give the list of the 27 full-time workers. And, Your Honor, I think that Judge Celia put it very clearly in the Medina case that courts should not be encouraged to – encourage long and expensive trials just to consider whether there's any evidence to support a claim. The burden was clearly – and the law is clear – on the burden that the plaintiff faced. And he simply didn't meet it. And there is no explanation as to why he didn't do it. Because some of the questions that both Judge Torrey and yourself were making would seem more pertinent if he had provided an explanation as to the reason why he failed to include that evidence. But there's nothing. All he says is, well, he's denied it because he has personal knowledge. On that theory, it would be impossible to grant summary judgment in any case. All that it would take is to file an affidavit and deny everything. And that's the reason that Judge Hill P. sanctioned that type of affidavit. Because it's too easy. It's too easy to make. And it is not what is required. The Medina-Muñoz case is at 896 Federal 2nd, page 5. And also, Judge Howard's decision in the case of Arroyo v. Verizon Wireless. In that case, Your Honor, Judge Howard stated clearly that mere denials are not enough. What this plaintiff put in that affidavit is not enough. Let's be honest. Let's get something straight. I'm not saying mere denials are enough. I just don't think this is mere denials. I have to look into it further. But at this point, I have to tell you, I have some questions in my mind, whether there are not issues of fact that are pending because this is more than just mere denials. Well, Your Honor, I think that when you do review the evidence and you put it to the test of whether or not there is competent evidence that will be able to disprove that in fact records that were submitted to the Puerto Rico Department of Labor, to the Puerto Rico Treasury Department, are going to be contradicted merely on the basis of what a person is saying, which is a mere denial, Your Honor. The fact that he's saying it doesn't make it any less of a mere denial. Well, supposing he had taken a stand and said that. You're saying that's not competent evidence? It is the same thing, Your Honor. I agree. It is exactly the same thing. Under that theory, Your Honor, everything will go to the jury. Absolutely everything. There's no limit because the plaintiff will say,  Let me put that question to the jury. That's for the jury to decide. Thank you.